**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom Corporation,<br><br>                Plaintiffs,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 1:23-cv-01501<br><br>Hon. John F. Kness<br><br>Mag. Judge Maria Valdez |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants Hong Kong Lesheng Technology Co., Ltd., Yiwu Youquan Toys Co., Ltd., Dongguan Beiguo Information Technology Co., Ltd., Dongguan Lanxian Information Technology Co., Ltd., Donguan Shantuo Electric Commerce Co., Ltd., Shenzhen Damei Jewelry Co., Ltd., Guangzhou Qunying Technology Co., Ltd. and Qinghua Wu (collectively "Defendants"), by and through the undersigned counsel, hereby submit this response in opposition to Plaintiffs' Motion for Preliminary Injunction [Dkt. 24].

**I.    INTRODUCTION**

This is another typical "Schedule A Defendants"-type case involving allegations of trademark infringement and counterfeiting. Plaintiffs Spin Master Ltd and Spin Master Toys UK Limited allege that Defendants are selling counterfeited versions of their products. Plaintiffs counterfeiting claims are completely without merit because Defendants simply do not use Plaintiffs' marks.

Plaintiffs now seek to enjoin Defendants from sales of legitimate, non-infringing products,

1

and it is apparent that Plaintiffs seem to believe that they have some sort of monopoly over the sales of 3x3 puzzle cubs. However, Plaintiffs do not have a monopoly on puzzle cubes, and the motion for preliminary injunction must be denied for at least the following reasons:

1. Plaintiffs' trademark counterfeiting claims fail and are subject to dismissal because Defendants are not selling counterfeit products; and

2. Plaintiffs' claims appear to be for trade dress infringement, not trademark infringement, and Plaintiffs will not prevail on the merits of their claims as presently alleged.

## II. ARGUMENT

### A. DEFENDANTS ARE NOT SELLING COUNTERFEIT PRODUCTS

Plaintiffs' motion for preliminary injunction must be denied because Defendants are not selling any counterfeit products. Plaintiffs claim to have identified numerous stores online which were "offering for sale and/or selling Counterfeit Products to consumers" (Dkt. 14, Plaintiff's Mot. for TRO at p. 4). However, as the pictures of Defendants' actual sales listings show below, it is indisputable that Defendants are not selling "counterfeit" products.



[1]

---

[1] Screenshot of Defendant Hong Kong Lesheng Technology Co., Ltd.'s product listing on Amazon.com marketplace.



2



3

---

2 Screenshot of Defendants' Dongguan Beiguo Information Technology Co., Ltd., Dongguan Lanxian Information Technology Co., Ltd., Donguan Shantuo Electric Commerce Co., Ltd.'s product listings on Amazon.com marketplace.

3 Screenshot of Defendant Qinghua Wu's product listing on Amazon.com marketplace.



[4]

Notably, none of Defendants' products listings contain any reference to, or make use of, Plaintiffs' trademarks. The fact that Plaintiffs engaged in a simple review of Defendants' products listings online and determined said products to be counterfeit is egregiously suspect and highly indicative of Plaintiffs' true motive in bringing the present action. Plaintiffs do not have a monopoly over the production and sale of 3x3 puzzle cubes that do not bear Plaintiffs' actual trademarks.

Plaintiffs' motion for preliminary injunction must be denied.

**B. PLAINTIFFS' WILL NOT PREVAIL ON THE MERITS WHICH THEY HAVE ALSO FAILED TO ADEQUATELY ALLEGE**

Plaintiffs' trademark infringement and counterfeiting claims fail because Defendants' products do not use Plaintiffs' trademarks whatsoever. Instead, it appears that Plaintiffs are

---

[4] Screenshot of Defendant Yiwu Youquan Toys Co., Ltd.'s product listing on Amazon.com marketplace.

actually claiming trade dress protection for the 3x3 puzzle cube. Plaintiffs' complaint fails to allege or assert any viable claim for trade dress infringement and the motion for preliminary injunction should be denied on that basis alone. Notwithstanding such failure, Plaintiffs' trade dress claims would be futile even leave to amend were to be granted and the preliminary injunction must be denied.

The Lanham Act permits a civil action against any person who uses "any word, term, name, symbol, or device" "in connection with any goods or services" in a manner which "is likely to cause confusion" as to the source of those goods or services. 15 U.S.C. § 1125(a)(1)(A). The Act's protection extends to a product's trade dress, which includes a product design that is so distinctive it identifies the product's source. *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 418 (7th Cir. 2017).

The Supreme Court has explained in the context of products design cases involving trademarks that "one who seeks to establish trade dress protection must carry the heavy burden of showing that the feature is not functional, for instance by showing that it is merely an ornamental, incidental, or arbitrary aspect of the device. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 30 (2001). In order to prove trade dress infringement, a plaintiff must establish that it owns a valid trade dress in the product design, that the trade dress is not functional, and that sale of the purportedly infringing products is likely to cause consumer confusion as to its source. *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019).

A preliminary injunction cannot be granted here where Plaintiffs have failed to raise any allegations as to its protectable trade dress, if any, and will not prevail on the claims as currently alleged. Accordingly, Plaintiff's motion for preliminary injunction must be denied.

### C. SANCTIONS ARE WARRANTED FOR FRIVOLOUS CLAIMS

A plaintiff alleging infringement must engage in a reasonable, meaningful investigation, including claim interpretation and infringement analysis, prior to filing its complaint. *See, e.g., Lanphere v. 1 Corp.,* No. 10 C 4774, 2012 WL 1965436, at *4 (N.D. Ill. Apr. 23, 2012) (citing *Judin v. U.S.,* 110 F.3d at 784); *see also Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement.") *Smart Options, LLC v. Jump Rope, Inc.*, Case No. 12 C 2498, 8 (N.D. Ill. Feb. 11, 2013)

Plaintiffs cannot possibly claim to have engaged in any investigation whatsoever prior to filing suit. Indeed, Plaintiffs brought this action styled as a trademark counterfeiting case even though Defendants do not sell counterfeit products. Plaintiffs did not sufficiently investigate its claims prior to bringing suit and filed this frivolous action for the sole purpose of attempted monopolization of puzzle cubes.

### III. CONCLUSION

Defendants are fully entitled to sell non-branded 3x3 puzzle cubes and Plaintiffs motion for preliminary injunction must be denied.

Dated: June 9, 2023                                  Respectfully submitted,

*/s/ Edward Chen*
Edward Chen (Cal. Bar #312553)
Edward.Chen@edchenlaw.com
**Law Offices of Edward Chen**
125 South Wacker Dr. Suite 300
Chicago, Illinois 60606
949.241.7097

*Counsel for Defendants*

6