IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., A CANADIAN CORPORATION, AND SPIN MASTER TOYS UK LIMITED, A UNITED KINGDOM CORPORATION,<br><br>     *Plaintiffs*,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     *Defendant*. | Civil Action No. 1:23-cv-01501<br><br>Judge: Hon. John F. Kness |

**ANSWER TO COMPLAINT**

  Defendants Salmue, Eunvabir, LWG shop, and partyfun (collectively, "Defendants") hereby file this Answer to Plaintiff SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation's ("Plaintiffs") Complaint (Dkt. No. 1) and responds as follows:

     **I.  JURISDICTION AND VENUE**

  1.  Defendants admit that in this action Plaintiffs attempt to assert claims under the Lanham Act, 15 U.S.C. § 1051 et seq.; 28 U.S.C. § 1338(a) - (b) and 28 U.S.C. § 1331, that this Court has subject matter jurisdiction over such claims. Defendants deny the substance of the alleged claims.

  2.  Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

1

## II. INTRODUCTION

3. Defendants admit that this action has been filed by Plaintiff against e-commerce store operators. Except as so admitted, the remaining allegations in paragraph 3 are denied. Defendants deny the substance of the alleged claims.

## III. THE PARTIES

**Plaintiffs**

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 5.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 6.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 7.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 11.

12. Plaintiff admits that Exhibit 1 of Plaintiff's Complaint appears to include two trademark registration information for Reg. No. 1,242,974 and Reg. No. 1,265,094. However, Defendants are without knowledge or information sufficient to form a belief as to the truth and authenticity of the Exhibit 1, therefore deny them. Defendants lack sufficient knowledge or information to form a belief as to the truth of the rest of the allegations and therefore deny them.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 13.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 14.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 15.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 16.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 17.

**The Defendants**

18. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

19. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

IV. **DEFENDANTS' [ALLEGED] UNLAWFUL CONDUCT**

20. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

21. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants, if any. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

22. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

23. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

24. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

25. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

26. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

27.     Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

28.     Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

29.     Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

30.     Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

31.     Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

## COUNT ONE
## [ALLEGED] FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. § 1114)

32.     Defendants incorporate by reference the foregoing responses above as if fully set forth herein.

33.     Defendants admit that this action has been filed by Plaintiff against e-commerce store operators. Except as so admitted, the remaining allegations in paragraph 33 are denied. Defendants deny the substance of the alleged claims.

34. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

35. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

36. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

37. Denied.

38. Denied.

## COUNT TWO
## [ALLEGED] FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

39. Defendants incorporate by reference the foregoing responses above as if fully set forth herein.

40. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

41. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

42. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

43. Denied.

**Prayer for Relief**

Defendants deny Plaintiffs' prayer for relief (including its Paragraphs 1-6) in its entirety. Plaintiffs are not entitled to any of the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

By way of further Answer and as Affirmative Defenses, Defendants deny that they are liable to Plaintiff on any of the claims alleged and denies that Plaintiffs are entitled to damages, treble or punitive, equitable relief, attorneys' fees, costs, pre-judgement interest, or to any relief whatsoever, and states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1. The Complaint, on one or more claims set forth therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Laches)**

2. Plaintiffs' claims are barred by laches, as Plaintiffs have unreasonably delayed enforcement efforts, if any, despite its full awareness of Defendants' actions.

**THIRD AFFIRMATIVE DEFENSE**
**(Waiver, Acquiescence, and Estoppel)**

3. Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

4. Defendants have not infringed any applicable trademarks, or similar rights (if any) under either the applicable federal or state laws.

## FIFTH AFFIRMATIVE DEFENSE
### (Actions of Others)

5. The claims set forth in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

## SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

6. The trademark infringement claims set forth in the Complaint are barred, in whole or in part, by the doctrine of fair use.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants/Counterclaim Plaintiffs file these Counterclaims against Plaintiffs/Counterclaim Defendants SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation ("Spin Master") and allege as follows:

## INTRODUCTION

1. Counterclaim Plaintiffs seek a declaratory judgment of trademark invalidity and non-infringement as to the following asserted trademarks: (1) Reg. No. 1,242,974 ("'974 Mark"); and (2) Reg. No. 1,265,094("'094 Mark") (collectively, "Trademarks").

## PARTIES

8

2. Counterclaim Plaintiffs are Amazon storefronts.

3. Upon information and belief, Counterclaim Defendant Spin Master Ltd. is a Canadian corporation with its principal place of business at 225 King Street West, Toronto, Ontario, Canada; Counterclaim Defendant Spin Master Toys UK Limited is a United Kingdom corporation with an address of Secure Trust House Boston Drive, Bourne End Buckinghamshire United Kingdom.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Further, these counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. An actual, substantial, and continuing justiciable controversy exists between Counterclaim Plaintiffs and Spin Master as to the validity and non-infringement of the Trademarks.

6. This Court has personal jurisdiction over Spin Master due to at least the filing of their Complaint here, thereby consenting to personal jurisdiction in this district.

7. Venue is proper in this Court for adjudicating Counterclaim Plaintiffs' counterclaims against Counterclaim Defendants pursuant to 28 U.S.C. § 1400.

## COUNTERCLAIM I – DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY ("'974 MARK")

8. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

9. The asserted Trademarks are invalid due to their generic nature. Specifically, 15 U.S. Code § 1064 sets forth that "A petition to cancel a registration of a mark … may … be filed [a]t any time if the registered mark becomes the generic name for the goods or services, …."

9

10. The '974 Mark is for the standard characters "RUBIK'S CUBE," which the "CUBE" part has been disclaimed. Dkt. No. 1-1.

11. A search on Amazon.com for "Rubik's Cube" reveals numerous puzzle cubes for sale consisting of a cube with smaller internal cube shapes that can twist and turn with matching color patches as Spin Master's products, including:

| URL | Product Picture |
|---|---|
| https://www.amazon.com/Jurnwey-Speed-3x3x3-Stickerless-Tutorial/dp/B0881PCPDZ/ref=sr_1_2_sspa?crid=3QEP0D7D4YRVT&keywords=Rubik%E2%80%99s+Cube&qid=1688152555&sprefix=rubik+s+cube%2Caps%2C170&sr=8-2- |  |

10

| | |
|---|---|
| spons&sp_csd=d2lkZ2V0TmFtZT1zcF9hdGY&psc=1 | |
| https://www.amazon.com/INTEGEAR-Stickerless-Turning-Smooth-Durable/dp/B09WKQKZ8B/ref=sr_1_28?crid=3QEP0D7D4YRVT&keywords=Rubik%E2%80%99s+Cube&qid=1688152555&sprefix=rubik+s+cube%2Caps%2C170&sr=8-28 |  |

12. The introduction of numerous competing cube products into the market in the past several decades has caused the '974 Mark Trademark to (a) become the generic designation for puzzle cubes consisting of a cube with smaller internal cube shapes that can twist and turn with matching color patches, and/or (b) otherwise lose its significance as a mark.

13. Additionally, owing to the flooding of competing cube products into the market, consumers do not recognize the '974 Mark as a source indicator of puzzle cubes; that is, the '974 Mark has come to refer to puzzle cubes themselves rather than to the source of puzzle cubes.

14. Therefore, Counterclaim Plaintiffs seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiffs' contentions as set forth in the paragraphs above. Such determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the invalidity of the '974 Mark.

## COUNTERCLAIM II – DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY ("'094 MARK")

15. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

16. A search on Amazon.com for "puzzle cube" reveals numerous puzzle cubes for sale consisting of a black cube with right-angled smaller internal cube shapes that can twist and turn with matching color patches, including:

| URL | Product Picture |
|-----|-----------------|
|     |                 |

| | |
|---|---|
| https://www.amazon.com/Giant-Speed-Large-Puzzles-inches/dp/B0BM5MQDLG/ref=sr_1_57?crid=1I2QPM2XBRS4B&keywords=puzzle+cube&qid=1688152812&sprefix=puzzle+cube%2Caps%2C107&sr=8-57 |  |

13

| https://www.amazon.com/ROXENDA-Warrior-Stickerless-Frosted-Puzzle/dp/B089VK6GLP/ref=sr_1_53?crid=1I2QPM2XBRS4B&keywords=puzzle+cube&qid=1688152965&sprefix=puzzle+cube%2Caps%2C107&sr=8-53 |  |

17. The introduction of numerous competing cube products into the market in the past several decades has caused the puzzle cube design depicted in the '094 Mark to (a) become the generic designation for puzzle cubes consisting of a cube with smaller internal cube shapes that can twist and turn with matching color patches, and/or (b) otherwise lose its significance as a mark.

18. Additionally, owing to the flooding of competing cube products into the market, consumers do not recognize the '094 Mark as the sole source of puzzle cubes; that is, the puzzle cube design reflected by the '094 Mark has come to refer to puzzle cubes themselves rather than to

the source of puzzle cubes.

19. Therefore, Counterclaim Plaintiffs seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiffs' contentions as set forth in the paragraphs above. Such determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding the invalidity of the '094 Mark.

### COUNTERCLAIM III –DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT ("'974 MARK")

20. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

21. Firstly, the '974 Mark is invalid and subject to cancellation, thereby rendering infringement not possible as an invalid right cannot be infringed upon.

22. Moreover, Counterclaim Plaintiffs' use of the '974 Mark, if any, is excused under the doctrine of fair use. Specifically, Counterclaim Plaintiffs' use of the '974 Mark, if any, was purely descriptive of and used fairly and in good faith only to describe Counterclaim Plaintiffs' goods. In this regard, Counterclaim Plaintiffs' descriptive use of the '974 Mark, if any, was otherwise than as a mark, which is not likely to cause consumer confusion.

23. As a result of Spin Master asserting infringement of the '974 Mark, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the non-infringement of the '974 Mark.

24. Therefore, Counterclaim Plaintiffs seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiffs' contentions as set forth in the paragraphs above. Such determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding non-infringement of

the '974 Mark.

### COUNTERCLAIM IV – DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT ("'094 MARK")

25. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

26. Firstly, the '094 Mark is invalid and subject to cancellation, thereby rendering infringement not possible as an invalid right cannot be infringed upon.

27. Moreover, Counterclaim Plaintiffs' use of the '094 Mark, if any, is excused under the doctrine of fair use. Specifically, Counterclaim Plaintiffs' use of the '094 Mark, if any, was purely descriptive of and used fairly and in good faith only to describe Counterclaim Plaintiffs' goods. In this regard, Counterclaim Plaintiffs' descriptive use of the '094 Mark, if any, was otherwise than as a mark, which is not likely to cause consumer confusion.

28. As a result of Spin Master asserting infringement of the '094 Mark, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the non-infringement of the '094 Mark.

29. Therefore, Counterclaim Plaintiffs seek a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiffs' contentions as set forth in the paragraphs above. Such determination and declaration are necessary and appropriate so that the parties may ascertain their respective rights and duties regarding non-infringement of the '094 Mark.

### **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray the Court for judgment as follows:

A. Judgment be entered in favor of Counterclaim Plaintiffs and against Spin Master on each and every claim of the Complaint and on each and every claim of the Counterclaims;

B. That judgment be entered declaring that Counterclaim Plaintiffs have not infringed the Spin Master's Trademarks;

C. That judgment be entered declaring that Spin Master's Trademarks are invalid;

D. That judgment be entered declaring that Spin Master is not entitled to injunctive relief, money damages, costs, attorneys' fees, nor any other remedy for any alleged infringement by Counterclaim Plaintiffs;

E. A permanent injunction against Spin Master so that they are prohibited from misrepresenting or filing infringement claims of the Spin Master's Trademarks against Counterclaim Plaintiffs with Amazon or any other marketplaces.

F. For an award to Counterclaim Plaintiffs of their reasonable attorneys' fees and costs as permitted by law; and

G. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim Plaintiffs hereby demand a trial by jury on all issues that are triable of right to a jury in this action.

DATED: July 3, 2023    Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No. 24067927

17

                                      twang@nilawfirm.com
                                      **NI, WANG & MASSAND, PLLC**
                                      8140 Walnut Hill Ln., Ste. 615
                                      Dallas, TX 75231
                                      Tel: (972) 331-4600
                                      Fax: (972) 314-0900

                                      **ATTORNEY FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of July, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                      */s/ Timothy T. Wang*
                                      Timothy T. Wang